UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Raphael Mendez,

        Plaintiff,

v.

Federal Medical Center; Warden;
Unit Manager; and Counselors, et al.,

        Defendants.

**ORDER**
Civil 14-4792 ADM/BRT

On December 8, 2014, Magistrate Judge Noel issued an Order [Docket No. 3] requiring Plaintiff Mendez to file an Amended Complaint that clearly alleges facts showing that one or more defendants personally violated his constitutional rights. Mendez was also ordered, to the best of his ability, to identify the defendant or defendants who committed the violation. The Order concluded by stating that Mendez must file an entirely new pleading; a supplemental complaint would not be sufficient.

On December 16, 2014, Mendez filed a document stylized as "Amended with Objection to U.S. Magistrate Franklin L. Noel Order December 8th Monday 2014 on Record as Document 3" [Docket No. 5]. This filing both objects to Judge Noel's December 8, 2014 Order and includes supplemental information—including naming Unit Manager Mary Haugen as one of the defendants—that Judge Noel required be included in an amended complaint.

Federal Rule of Civil Procedure 72 grants litigants the opportunity to timely object to a Magistrate Judge's order. Fed. R. Civ. P. 72. Mendez objects to the portion of Judge Noel's Order which requires him to identify specific defendants and submit an entirely new pleading.

As Judge Noel's Order correctly requires, an action brought under 42 U.S.C. § 1983 and a <u>Bivins</u> action both require allegations of fact supporting at least one defendant's personal

involvement or responsibility for the unconstitutional action.  See Johnson v. Adams, 452 Fed. App'x 708, 710 (8th Cir. 2012) (per curiam) (discussing Bivins actions); Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (discussing actions brought under 42 U.S.C. § 1983).  Except for the case caption, Mendez's original Complaint [Docket No. 1] fails to identify any individual by name or title who allegedly violated his rights.  Therefore, the Complaint is deficient.

Mendez's second objection is that an entirely new pleading is unnecessary.  "[I]t is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect."  In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000) (citing Washer v. Bullitt County, 110 U.S. 558, 562, 4 S.Ct. 249, 28 L.Ed. 249 (1884)).  Thus, Mendez's original Complaint cannot be subsumed into an amended complaint as the amended complaint must stand on its own.  Judge Noel's Order is also proper in this respect and Mendez's objection is overruled.

Therefore, Mendez is ordered to submit an amended complaint that conforms with the pleading requirements and the specifics directed by Judge Noel in his December 5, 2014 Order.  To be clear, the amended complaint must stand on its own; it will not be read in conjunction with a previous pleading.  Mendez has until January 20, 2015 to file an amended complaint or the matter will be dismissed at that time.

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection [Docket No. 5] is **OVERRULED**;

2. Plaintiff must file an Amended Complaint by January 20, 2015 or the matter will be dismissed at that time.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 6, 2015.